THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LACONIA BROWN, Defendant-Appellant.

(No. 74-202; )

Second District (2nd Division)—June 6, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

On July 21, 1970, defendant, after pleading guilty to the offense of theft over $150, was admitted to a term of probation for 3 years, with the first 60 days ordered to be spent in the county jail. On December 14, 1972, a petition for revocation of his probation was filed by the State (charging failure since June 6, 1972, to comply with the condition of his probation requiring him to report regularly to the Probation Department). This petition was withdrawn on February 1, 1973, on the State's motion.

On May 3, 1973, a second petition for revocation was filed by the State charging defendant with (1) the commission of thefts on May 25, 1972,

and on April 5, 1973, (2) driving without a license, and (3) failure to report to the Probation Department after repeated warnings. After hearing the court on September 27, 1973, entered an order extending the defendant's period of probation for 1 year until September 27, 1974. During the pendency of that petition defendant was free on bond from June 7, 1973, until September 27, 1973, when his probation was extended.

On January 29, 1974, the State filed a third petition to revoke probation which was amended by a petition filed February 5, 1974, charging that defendant on January 19, 1974, committed the offense of unlawful use of weapons in violation of a condition of his probation. After hearing thereon, the trial court, finding that the defendant violated the terms of his extended probation, sentenced the defendant on March 26, 1974, to a term of 2 to 6 years, and specifically ruled that he should not be given credit for time spent on probation, but that he would be entitled to credit for time served in the county jail.

Defendant's sole contention here is that he is entitled to have his term of imprisonment credited with time he served on probation and that the court erred in denying him such credit. He argues that he is therefore entitled to 1288 days credit for the period from July 21, 1970, until January 29, 1974.

Section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) at the time of defendant's sentencing provided as follows:

"(h) Resentencing after revocation of probation or of conditional discharge shall be under Article 4. Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment * * *."

On June 18, 1973, the General Assembly passed and then sent to the Governor a bill, Public Act 78-939, amending various sections of the Unified Code of Corrections, including section 5—6—4(h). The Governor recommended certain changes under the amendatory veto process (Ill. Const. art. IV, § 9(e)(1970)), and sent it back to the General Assembly which, after July 1, 1973, "accepted" the recommended changes and presented it to the Governor for certification, which took place on November 14, 1973. Section 5—6—4(h) was thereby amended to provide that credit be given for time spent on probation "unless the court orders otherwise."

We next consider when such amendment became effective. Section 10 of article IV of the 1970 Constitution provides:

"The General Assembly shall provide by law for a uniform effective date for laws passed prior to July 1 of a calendar year. The General Assembly may provide for a different effective date in any

law passed prior to July 1. A bill passed after June 30 shall not become effective prior to July 1 of the next calendar year unless the General Assembly by the vote of three-fifths of the members elected to each house provides for an earlier effective date."

In *People ex rel. Klinger v. Howlett*, 50 Ill.2d 242, which involved an act certified by the Governor in October, 1971, through the amendatory veto process (originally passed before July 1, and accepted with changes after July 1, 1971), the supreme court defined "passed," as used in that constitutional provision, "as the time of the last legislative act necessary so that the bill would become law upon its acceptance by the Governor without further action by the legislature," and that such bill "'passed' * * * when the House voted to accept the Governor's executive amendment after the Senate had already done so."

■■ Thus, Public Act 78-939, having been "passed" after June 30, 1973, did not become effective under section 10 of article IV of the 1970 Constitution until July 1, 1974, since the General Assembly did not provide for an earlier effective date.

From the foregoing, it is clear that when the trial court, on March 26, 1974, revoked probation and imposed sentence to a term of 2 to 6 years, it had no power to deprive defendant of the right to credit for the time spent on probation. We do not purport, however, to make a computation of such time or determine whether it is more or less than 1288 days. Instead, we reverse and remand this case to the circuit court of Lake County for the purpose of determining the credit to which defendant is entitled for time spent on probation and thereafter preparing an amended mittimus accordingly.

Reversed and remanded with directions.

T. MORAN and DIXON, JJ., concur.